IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE SALVAGE, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY OF OMAHA, a Political Subdivision of the State of Nebraska, and the CITY OF OMAHA CITY COUNCIL,<br><br>      Defendants. | 8:18-cv-00376 |

**BRIEF IN SUPPORT OF LESLIE SALVAGE, INC.'S MOTION FOR ISSUANCE OF TEMPORARY PRELIMINARY MANDATORY INJUNCTION**

COMES NOW Plaintiff, Leslie Salvage, Inc., and respectfully submits its brief opposing Defendants, City of Omaha and City of Omaha City Council, motion to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ARGUMENT

Defendants, City of Omaha and the Omaha City Council, have filed a partial motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6), asserting Plaintiff, Leslie Salvage, failed to allege a plausible prima facie case of constitutional violation under the federal pleading rules and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.ed.2d 868 (2009). In response, Leslie Salvage filed an amended complaint pursuant to Fed. R. of Civ. P. 15(a)(1)(B), which allows a party to amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). The original complaint and amended complaint each adequately state a plausible prima face case of violations of Leslie Salvage's constitutional rights committed by the City of Omaha and the City Council.

**STANDARD OF REVIEW**

Pursuant to Fed. R. of Civ. P. 8(a)(2), "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Before responding to a claim for relief, Fed. R. of Civ. P. 12(b)(6) allows the responding party to assert the defense that the pleading fails to state a claim for which relief can be granted. If the court finds the pleading fails to state a claim for which relief may be granted, the court may dismiss the claim.

"To survive a motion to dismiss for failure to state a claim, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Roe v. Nebraska, 861 F.3d 785, 787 (8th Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)). "A claim is facially plausible when it alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Roe, at (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted)). Generally, a claim will not be dismissed if it fails to plead specific facts, Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), however, a claim which sets forth bare assertions or recitations of the elements is not enough to state a claim. Bell Atl. Corp. v. Twombly, supra, at 555, 127 S.Ct. 1955.

When determining whether to dismiss a claim, a court must primarily consider the allegations in the complaint and accept as true the allegations, drawing all reasonable inferences in favor of the complaining party. McChesney v. Fed. Election Comm'n, 900 F.3d 578, 583–84 (8th Cir. 2018). The court is not obligated to accept as true a legal conclusion couched as a

factual allegation. Ashcroft v. Iqbal, supra, at 678, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

There is no requirement for direct evidence. Cardigan Mountain Sch. v. New Hampshire Ins. Co., 787 F.3d 82, 88 (1st Cir. 2015) (citation omitted). Neither is there a "probability requirement" at the pleading stage. Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Rather, the factual allegations need only be enough to nudge the claim "across the line from conceivable to plausible," thus "rais[ing] a reasonable expectation that discovery will reveal evidence. Id.

## ARGUMENT

Leslie Salvage's initial complaint contained 11 paragraphs of alleged facts. In its amended complaint, there are 32 paragraphs of alleged facts, which include much of the facts contained in the initial complaint. As Defendants state in their brief in support of their motion to dismiss, the facts in the initial complaint are generally not in dispute.

**I. Leslie Salvage Properly Alleges a Prima Facie Case for a Substantive Due Process Claim.**

Defendants incorrectly apply Bituminous Materials, Inc. v. Rice Cty., Minn., 126 F.3d 1068 (8th Cir. 1997) in its argument for dismissing Leslie Salvages substantive due process claim. Employing Bituminous as support, Defendants argue Leslie Salvage's substantive due process claim does not prevail because it cannot demonstrate a protected property interest.

The analysis employed by the court in Bituminous was through the lens of a motion for summary judgment and not a motion to dismiss pursuant to Rule 12(b)(6). In a review of a summary judgment motion, the court must determine whether there are any genuine issues of material fact. In a motion to dismiss, there are no issues of fact because a reply has not been

filed. As a result the court must only consider the four corners of the complaint, matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013), and accept the allegations in the complaint as true.

The complaint alleges sufficient facts to support a prima facie case of substantive due process claims. "The essential elements of a [substantive due process] claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Javinsky-Wenzek v. City of St. Louis Park, 829 F. Supp. 2d 787, 796 (D. Minn. 2011) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir.2009)

Leslie Salvage substantive due process claim alleges the City Council acted under the color of law. (Complaint at ¶ 2) (Amended Complaint at ¶ 5). The substantive due process claim alleges the City granted Leslie Salvage a Special Use Permit subject to eight conditions, (Complaint at ¶¶ 5, 7, 8) (Amended Complaint at ¶¶ 16, 24), and that Leslie Salvage complied with all conditions, including submitting a revised site plan which, after review of the City of Omaha Planning Department, satisfied all relevant local and state statutes, ordinances and regulations. (Complaint at ¶ 10) (Amended Complaint at ¶ 27) In its amended complaint, Leslie Salvage alleges the Special Use Permit is a protected property interest as a result of the City Council's approval on January 24, 2017. (Amended Complaint at ¶ 40) Finally, Leslie Salvage alleges the City Council's denial of its revised site plan was not rationally related to the promotion of the health, safety, morals or general welfare of the community. (Amended Complaint at ¶ 43)

4

The facts alleged give rise to a facially plausible substantive due process claim. Defendants' arguments are more appropriate for a summary judgment proceeding, after discovery has been held and issues contained in the allegations are fleshed out. As a result, the Court should deny Defendants' request to dismiss the substantive due process claims.

## II. Leslie Salvage Properly Alleges a Prima Facie Case for an Equal Protection Claim.

Section 1of the 14th Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074–75, 145 L. Ed. 2d 1060 (2000) (citation omitted).

Leslie Salvage's claims do not allege it is a member of a protected class; rather Leslie Salvage's advances its equal protection claims under the class-of-one theory. A class-of-one claim is stated when a plaintiff alleges that a defendant intentionally treated it differently from others who are similarly situated and that no rational basis existed for the difference in treatment. See Vill. of Willowbrook v. Olech, supra.

Leslie Salvage alleges Defendants treated it differently than other entities who received a Special Use Permit to operate scrap and salvage services in a district zoned as general industrial. (Complaint at ¶¶ 25, 26) (Amended Complaint at ¶¶ 56, 57, 58) Leslie Salvage further alleged the treatment by Defendants was irrational, malicious, arbitrary, and intentional.

The facts alleged are specific and sufficient to provide a plausible prima facie equitable protection claim. As a result, the Court should deny Defendants Rule 12(b)(6) motion to dismiss.

### III. Should the Court Dismiss the Claims, Leslie Salvage Should Be Given Leave to Amend Its Pleading

Federal Rule of Civil Procedure 15(a) provides that when a party seeks permission of the court to amend a complaint "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "In most cases, decisions on whether to grant leave to amend a complaint are left to the sound discretion of the district court." Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380 (8th Cir. 2016), reh'g denied (May 4, 2016). "A motion to amend should be denied if the plaintiff is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." Kozlov, at 395 (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir.1994).

The factors for denying a request to amend the pleadings are not present in this case. Leslie Salvage is not guilty of undue delay because Defendants have not even yet answered its complaint. Leslie Salvage request is not made in bad faith or with dilatory motive, since the proceedings are at the very beginning stages. Finally, allowing Leslie Salvage to amend its complaint would not prejudice Defendants.

Should the Court grant Defendants motion to dismiss, Leslie Salvage should be afforded the opportunity to amend its pleading.

### CONCLUSION

Defendants argue Leslie Salvage allegations of substantive due process and equal protection violations fail to state a claim upon which relief can be granted. If any defects exist in the initial complaint, Leslie Salvage has corrected the defects by filing an amended complaint

pursuant to Fed R. of Civ. P. 15(a)(1)(B). Leslie Salvage alleges sufficient facts to support its plausible prima facie substantive due process and equal protection claims. Should the Court grant Defendants motion to dismiss, Leslie Salvage respectfully requests it be allowed to amend its pleading.

DATED this 18th day of September, 2018.

LESLIE SALVAGE, INC., Plaintiff

*/s/ Wm Oliver Jenkins*
Benjamin M. Belmont, No. 17951
Wm. Oliver Jenkins, No. 24683
B RODKEY, CUDDIGAN,
PEEBLES, BELMONT & LINE, LLP
Two Old Mill Road, Suite 100
10855 West Dodge Road
Omaha, Nebraska 68154
Tel: (402) 397-2000
Fax: (402) 397-0803
bbelmont@bcplaw.com
ojenkins@bcplaw.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2018, I filed the foregoing **Amended Complaint** with the Clerk of the Court and sent notification of such filing by e-mail to Jennifer Taylor, Assistant City Attorney, 1819 Farnam Street, Suite 804, Omaha, Nebraska 68183 at Jennifer.taylor@bcplaw.com and intervenors by e-mail to Andrew Simpson, Farnam, Simpson & Griffin, PC, LLO, 220 North 89th Street, Suite 201, Omaha, Nebraska 68114 at: andy@farnhamandsimpsonlaw.com.

*/s/ Wm Oliver Jenkins*