# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE SALVAGE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OMAHA, a Political Subdivision of the State of Nebraska; and CITY OF OMAHA CITY COUNCIL, <br><br> Defendants. | 8:18CV376 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Issuance of Preliminary Mandatory Injunction, ECF No. 11, filed by Plaintiff Leslie Salvage, Inc. ("Leslie Salvage"). Leslie Salvage asks the Court to issue a temporary restraining order and, upon notice, a preliminary mandatory injunction to Defendants, the City of Omaha ("the City") and City of Omaha City Council ("the City Council") for issuance of a fence permit and Certificate of Occupancy. For the reasons stated below, the portion of the Motion requesting a temporary restraining order will be denied, and Defendants will be given an opportunity to respond to Leslie Salvage's Motion.

## BACKGROUND

The following factual summary is based on the Plaintiff's pleadings, Motion, Brief, and evidentiary submissions:

Leslie Salvage operated a salvage and recycling facility under the trade name Ak-Sar-Ben Recycling in downtown Omaha since 1989 pursuant to a Special Use Permit. Leslie Aff., ECF No. 14-1, Page ID 142-43. In early 2016, after being pressured by the City to move the facility, the owner and president of Leslie Salvage, David Leslie ("Leslie"),

found a property he believed was suitable for his salvage and recycling facility. *Id.* at 143. The property was located at 6202 Orchard Avenue ("the Orchard Property"). *Id.*

On August 8, 2016, Leslie Salvage submitted to the City of Omaha Planning Department ("Planning Department") an application to relocate the Special Use Permit. *Id.* at 143. An initial site plan for the Orchard Property drafted by Jason Theillen ("Theillen") of E&A Consulting, and included in the application, showed an access route from Orchard Avenue onto the Orchard Property that encroached on adjacent property known as 6202 Q Street ("the Q Street Property"). *Id.* at 144. The plan was drafted with the mistaken belief that there was an access agreement between the previous owners of the Orchard Property and the owners of the Q Street Property.[1] *Id.*

On August 31, 2016, after reviewing the application, the Planning Department issued a Recommendation Report recommending approval of the new Special Use Permit subject to several additional conditions. *Id.* The conditions included a revised site plan illustrating perimeter fencing acceptable to the Planning Department and addition of a handicap accessible parking space. Leslie Salvage was also required to obtain from the Zoning Board of Appeals a waiver of Section 55-766(b) of the Municipal Code which required 300 feet of separation between scrap and salvage services and agricultural, residential, and zoning districts. Recommendation Report, ECF No. 14-1, Page ID 161-62. After the September 7, 2016, public hearing, the City of Omaha Planning Board ("Planning Board") recommended approval of the amendment to the Special Use Permit

---

[1] Duane Dowd and Darrell Fager are owners of the Q Street Property.

subject to the additional conditions contained in the Planning Department's Recommendation Report. Leslie Aff., ECF No. 14-1, Page ID 145.

On October 13, 2016, the Zoning Board of Appeals ("the Zoning Board") granted the waiver of Section 55-766(b)(3) after a public hearing. *Id.* At the hearing Matt Dowd, representing Duane Dowd, raised concerns about the shared access off Orchard Avenue drafted by Thiellen in the original site plan. *Id.* at 146. Kyle Haase of E&A Consulting, representing Leslie Salvage, informed the Zoning Board that it was originally believed there was a shared access agreement between the Q Street Property and the Orchard Avenue Property, but there was no such agreement. *Id.* Haase represented that Leslie Salvage was willing to work with Q Street Property owners to create an easement or find another way to access the Orchard Property. *Id.*

On November 30, 2016, the Orchard Property was transferred to Leslie Salvage by warranty deed. Pl.'s Mot., ECF No. 11, Page ID 94.

On January 10, 2017, in a letter to the City Council, the Planning Department recommended approval of a resolution authorizing a new Special Use Permit for the Orchard Property. *Id.* at 147. The resolution was set for public hearing before the City Council on January 24, 2017. *Id.* Before the hearing, Thiellen reached out to Duane Dowd to discuss an access easement and sent him an email outlining the proposed terms. *Id.* Leslie did not authorize Theillen to make the proposal and when Thiellen showed Leslie the proposal just before the hearing, Leslie informed Thiellen it was not feasible. Leslie Aff., ECF No. 14-1, Page ID 148-49. Thiellen told Leslie he would give him a revised draft site plan addressing his concerns after the hearing. *Id.* at 149.

At the hearing Thiellen represented to the City Council that issues had been resolved with regards to access to the Orchard Property. *Id.* He did not represent that an agreement had been reached, present any terms of a proposed agreement, or address the location of the perimeter fence under any access agreement. *Id.* Except for the revised site plan, all other conditions for the new Special Use Permit had been met and the City Council unanimously approved the Special Use Permit for the Orchard Property. Pl.'s Br., ECF. No. 13, Page ID 112.

After approval of the new Special Use Permit, Leslie Salvage began to construct a perimeter fence on the Orchard Property. The City directed Leslie Salvage to cease construction because no fence permit was issued. *Id.* The permit had been denied because the application did not comply with the initial site plans and the City refused to issue Leslie Salvage a Certificate of Occupancy. *Id.*

In February 2018, Leslie Salvage had to cease operations at the North 12th Street facility, because it sold the property. *Id.* In March 2018, John Meng-Frecker designed a revised site plan for Leslie Salvage which incorporated a perimeter fence and access to the Orchard Property that did not encroach on the Q Street Property. *Id.*, Frecker Plan, ECF No. 14-1, Page ID 199. The revised site plan was submitted to the Planning Department for review and approval. Leslie Aff., ECF No. 14-1, Page ID 150. In a May 8, 2018, letter to the City Council the Planning Department recommended the City Council adopt an amendment to the Special Use Permit to include the revised site plan. *Id.*

At the May 22, 2018, City Council hearing Duane Dowd appeared and argued that the amendment to the Special Use Permit should not be granted because the revised site plan did not incorporate the alleged easement agreement between the parties. *Id.* at 151.

4

The vote on the resolution was delayed until the June 19, 2018, meeting, at which time the Special Use Permit as amended was denied. *Id.* On July 17, 2018, it was denied again on reconsideration. *Id.* at 152.

On July 19, 2018, Leslie Salvage filed its Complaint in the District Court of Douglas County, Nebraska. The action was removed to this Court on August 9, 2018, and an Amended Complaint was filed on September 18, 2018, appealing the decision of the City Council denying the new Special Use Permit pursuant to Neb.Rev.Stat. § 14-813 and seeking a permanent injunction. Leslie Salvage also alleged a violation of substantive due process and equal protection rights under 42 U.S.C. § 1983.

On December 10, 2018, Leslie Salvage filed a Motion for Issuance of Preliminary Mandatory Injunction, ECF No. 11, asking the Court to issue a temporary restraining order restraining the City Council and the City from prohibiting Leslie Salvage from operating scrap and salvage services at the Orchard Property until the Court can take up and rule on Leslie Salvage's request for preliminary mandatory injunction. *Id.* at Page ID 86. Leslie Salvage also requests waiver of the bond requirement.

## DISCUSSION

Leslie Salvage's request for a temporary restraining order does not meet the requirements of Federal Rule of Civil Procedure 65(b). A federal court may issue a temporary restraining order on an ex parte basis, without notice, "only if" two requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

5

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1).

Although Leslie Salvage has certified that it provided notice to Defendants by attaching a Certificate of Service to the Motion for Preliminary Mandatory Injunction, it has not provided "specific facts in an affidavit or a verified complaint" that "clearly show" its right to ex parte relief before the Defendants can be heard. Leslie Salvage alleges that the irreparable harm it will suffer is a loss of income, loss of goodwill, and loss of position in the marketplace as a result of not being able to operate. Pl.'s Br., ECF No. 13, Page ID 134. Leslie Salvage further explains that because its business has established goodwill and a position within the marketplace over 30 years of conducting business, the resulting loss of goodwill and marketplace position will require herculean efforts to re-establish. *Id.* In his Affidavit, Leslie stated:

> As a result of the City Council's unreasonable denial of a Special Use Permit, I have not been able to operate a business I have operated for 30 years. I have lost my business, lost my livelihood, and potentially all of my customers and clients I spent 30 years cultivating. If I am ever to begin operating again, I will have to start from scratch in rebuilding my customer base and knowledge of my existence again.

Leslie Aff., ECF No. 14-1, Page ID 152. He also states "I am on the verge of financial ruin because I cannot open my business." *Id.*

Leslie Salvage has failed to demonstrate that *immediate* and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition. Leslie Salvage has been unable to do business legally since February 2018, when it ceased operations at its previous location and it has been aware of the Special Use Permit denial since July 17, 2018. *Id.* at 150-51. This action has been pending since

6

July 19, 2018. Although Leslie's Affidavit demonstrates a hardship due to the inability to operate his business, this hardship existed for an extended time before the filing of the Motion for Issuance of Preliminary Mandatory Injunction. Thus, Leslie Salvage's request for a temporary restraining order will be denied.

Accordingly,

IT IS ORDERED:

The Motion for Issuance of Preliminary Mandatory Injunction, ECF No. 11, filed by Leslie Salvage, Inc., is denied in part as follows:

1. The request for temporary restraining order is denied; and
2. The Court will reserve ruling on the request for preliminary injunction until the matter has been fully briefed and is ripe for review.

Dated this 17th day of December, 2018.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge