# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE SALVAGE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OMAHA, a Political Subdivision of the State of Nebraska; and CITY OF OMAHA CITY COUNCIL, <br><br> Defendants. | 8:18CV376 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court for consideration of summary judgment pursuant to the Court's Memorandum and Order, ECF No. 24; Plaintiff Leslie Salvage, Inc.'s Opposition to Summary Judgment in Favor of Defendants and Motion for Leave to File Second Amended Complaint, ECF No. 26; and the Reply in Support of Summary Judgment in Favor of Defendants and Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF. No. 27, filed by Defendants City of Omaha and City of Omaha City Council. For the reasons stated below, the Court will grant summary judgment for Defendants on Leslie Salvage's claims under 42 U.S.C. § 1983; deny the Motion for Leave to File Second Amended Complaint; and remand Leslie Salvage's state-law claims to the District Court of Douglas County, Nebraska.

## BACKGROUND

**I. Factual Background**

Leslie Salvage operated a salvage and recycling facility in downtown Omaha. Leslie Aff., ECF No. 14-1, Page ID 142-43. In early 2016, after being pressured by the City to move, the owner and president of Leslie Salvage, David Leslie (Leslie), found a

property he believed was suitable for his salvage and recycling facility. *Id.* at 143. The property was located at 6202 Orchard Avenue ("the Orchard Property"). *Id.*

On August 8, 2016, Leslie Salvage applied to relocate its special use permit. *Id.* The application to the City of Omaha Planning Department ("Planning Department") included an initial site plan drafted by Jason Thiellen of E&A Consulting Group, Inc. *Id.* at 143-44. The initial site plan showed access to the Orchard Property encroaching on an adjacent property known as 6202 Q Street ("the Q Street Property"). *Id.* Thiellen drafted the plan with the mistaken belief that an access agreement existed between previous owners of the Orchard Property and owners of the Q Street Property. *Id.* at 144, 146.

On August 31, 2016, after reviewing the application and initial site plan, the Planning Department issued a Recommendation Report recommending approval of a special use permit subject to several conditions. *Id.* at 144; Recommendation Report, ECF No. 14-1, Page ID 161-62. The conditions required Leslie Salvage to comply with a revised site plan, illustrated perimeter fencing acceptable to the Planning Department, and included a handicapped accessible parking space. Recommendation Report, ECF No. 14-1, Page ID 161-62. Leslie Salvage also was required to obtain a waiver of Omaha Municipal Code § 55-766(b) from the Zoning Board of Appeals ("the Zoning Board").[1] *Id.* After a September 7, 2016, public hearing, the City of Omaha Planning Board ("Planning Board") recommended approval of the special use permit subject to the additional conditions in the Recommendation Report. Leslie Aff., ECF No. 14-1, Page ID 144-45.

---

[1] Omaha Municipal Code § 55-766(b) requires 300 feet of separation between scrap and salvage services and agricultural, residential, and office zoning districts. *Id.*

2

A Zoning Board public meeting was held on October 17, 2016, at Leslie Salvage's request, for a waiver of Omaha Municipal Code § 55-766(b). *Id.* at 146. At the meeting, Matt Dowd, representing Duane Dowd ("Dowd"), one of the owners of the Q Street Property, raised concerns about the shared access off Orchard Avenue shown on the initial site plan. *Id.* at 146. Kyle Haase of E&A Consulting, representing Leslie Salvage, informed the Zoning Board that Leslie Salvage originally believed there was a shared access agreement between the Q Street Property and the Orchard Property, but there was no such agreement. Zoning Board Agenda, ECF No. 14-1, Page ID 180. Haase represented that Leslie Salvage was willing to work with Q Street Property owners to create an easement or find other access to the Orchard Property. *Id.* The Zoning Board approved the waiver and encouraged the parties to work toward a solution before the issue reached the City Council. *Id.*

After the Zoning Board meeting, two Omaha City Council members called Thiellen on separate occasions to discuss Leslie Salvage's special use permit. Thiellen Aff., ECF No. 20, Page ID 279. They encouraged him to work out a solution for access to the property, and warned that otherwise Leslie Salvage would not have the necessary City Council votes for the special use permit. *Id.*

On November 30, 2016, the Orchard Property was transferred to Leslie Salvage by warranty deed. Leslie Aff., ECF No. 14-1, Page ID 143.

On January 10, 2017, in a letter to the City Council, the Planning Department recommended approval of a resolution authorizing a special use permit for the Orchard Property. *Id.* at 147. Public hearing before the City Council was set for January 24, 2017. *Id.* Before the hearing, Thiellen reached out to Dowd to discuss an access easement and

3

sent him an email outlining proposed terms. *Id.* Leslie did not authorize Thiellen to make the proposal and when Thiellen showed Leslie the proposal, just before the hearing, Leslie told Thiellen it was not feasible. Leslie Aff., ECF No. 14-1, Page ID 148-49. Thiellen told Leslie he would draft a revised site plan addressing Leslie's concerns after the hearing. *Id.* at 149. When Leslie went forward with the scheduled City Council hearing, he relied on Thiellen's representation that he could draft a site plan remedying the access issue. Leslie Aff., ECF No. 26-1, Page ID 349.

At the hearing, Thiellen stated, "[a]s an update to precouncil this morning, we have worked out any issues that we had previously with the south property owner in terms of access to the property." First City Council Meeting Tr., ECF No. 23, Page ID 304. City Council member Garry Gernandt stated, "thanks also goes to the applicant and the neighbors that abut this particular area, for sitting down and working through what they believe was some consequence to them. And it sounds like everybody now has seen the light to at least a 60-watt bulb—." *Id.* at 306. Thiellen responded "that's right" and Gernandt continued "—and can agree that the — this could go forward." *Id.* Thiellen did not present any additional information regarding the alleged agreement to the City Council. *Id.* at 303-10. The City Council approved the special use permit. *Id.* at 310. The City Council did not review the terms of any agreement and did not review any revised plans reflecting the terms of any alleged access agreement. Leslie Aff., ECF No. 14-1, Page ID 149. Ultimately, Thiellen was unable to draft a feasible alternative site plan. *Id.* at 149-50.

After approval of the special use permit, Leslie Salvage began to construct a perimeter fence on the Orchard Property. Leslie Aff., ECF No. 14-1, Page ID 150. The

4

City directed Leslie Salvage to cease construction because no fence permit was issued. *Id*. The permit was denied because the fence did not comply with the initial site plan. *Id*. The City also refused to issue Leslie Salvage a certificate of occupancy. *Id*.

In February 2018, Leslie Salvage ceased operations at its downtown Omaha facility, because it sold the property. *Id*. In March 2018, John Meng-Frecker designed a revised site plan for Leslie Salvage which incorporated a perimeter fence and access to the Orchard Property that did not encroach on the Q Street Property. *Id*.; Meng-Frecker Plan, ECF No. 14-1, Page ID 199. The revised site plan was submitted to the Planning Department for review and approval. Leslie Aff., ECF No. 14-1, Page ID 150. In a May 8, 2018, letter to the City Council, the Planning Department recommended the City Council adopt an amendment to the special use permit to include the revised site plan. *Id*. at 150-51. All other necessary conditions and criteria for the special use permit were previously met or Leslie Salvage was ready and willing to meet them. *Id*.

At the May 22, 2018, City Council hearing, Dowd appeared and argued that the amendment to the special use permit should not be granted because the revised site plan did not incorporate the alleged shared access agreement between the parties. *Id*. at 151. Dowd also expressed concerns about the revised site plan stating as follows:

> the problem with this is that Orchard Street, you need to come in straight on Orchard Street, and then you can go either way. If this happens, they put the fence I think in the middle of Orchard Street. I'm not sure I've got that. It might be just too close to Orchard Street.

Second City Council Meeting Tr., ECF No. 14-2, Page ID 221. Planning Department Director, Dave Fanslau, told the City Council that the City had no plans to extend Orchard Street any farther west; there was no right-of-way for Orchard Avenue west of 62nd

5

Street; and Dowd could access his property from 62nd Street.[2] *Id.* at 216-17. The vote on the resolution was delayed until the June 19, 2018, meeting to allow Dowd and Leslie time to come to an agreement. *Id.* at 224. At the June 19, 2018, pre-council meeting the City Council was told that the parties had not reached an agreement. *Id.* at 226. At the June 19, 2018, meeting no further public hearing was held and the City Council voted not to adopt the amendment to the special use permit. *Id.* at 227. The amendment was denied again on reconsideration. Leslie Aff., ECF 14-1, Page ID 151-52.

## II. Procedural Background

On July 19, 2018, Leslie Salvage filed its Complaint in the District Court of Douglas County, Nebraska. Defendants removed the action to this Court and an Amended Complaint was filed. In the Amended Complaint, ECF No. 8, Leslie Salvage challenges the City Council's denial of the new special use permit, through a petition in error, and seeks a permanent injunction. Leslie Salvage also alleges a violation of its rights of substantive due process and equal protection under 42 U.S.C. § 1983.

On March 8, 2019, this Court entered a Memorandum and Order, ECF No. 24, on Leslie Salvage's Motion for Issuance of Preliminary Mandatory Injunction. The Court noted that facts related to Leslie Salvage's federal claims appeared to be undisputed. The parties were ordered to present any objections to the facts stated in the Memorandum and Order as well as any additional evidence or arguments in support of or in opposition to a grant of summary judgment in favor of Defendants on the federal claims. Leslie Salvage filed an Opposition to Summary Judgment in Favor of Defendants and Motion

---

[2] Dowd also has access to his property from Q Street. *Id.* at 221.

for Leave to File Second Amended Complaint, ECF No. 26. Defendants filed a Reply in Support of Summary Judgment in Favor of Defendants and Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF. No. 27.

Leslie Salvage argues[3] that a jury must determine: 1) whether Leslie Salvage and Duane J. Dowd entered into a binding agreement regarding a shared access easement off Orchard Avenue[4] and 2) whether "[a] revised site plan reflecting [sic] is a necessary condition in order for Leslie Salvage to receive a fencing permit and certificate of occupancy from the City of Omaha."[5] Pl. Br. ECF No. 26, Page ID 340.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of*

---

[3] Leslie Salvage also argues there is a dispute of fact as to whether Duane Dowd failed to attend the January 24, 2017, City Council hearing in reliance on the agreement that had been reached between the parties. Based on the arguments presented by the parties, this fact is not material.

[4] For purposes of considering summary judgment, viewing disputed facts in the light most favorable to Leslie Salvage, the Court will assume that no binding agreement exists between Leslie Salvage and Dowd.

[5] It appears text is missing from Leslie Salvage's brief after the word "reflecting." The Court infers Leslie Salvage contends that a dispute exists as to whether a revised site plan reflecting an access agreement is a necessary condition for Leslie Salvage to receive a fence permit and certificate of occupancy from the City of Omaha. This question of fact is not material. If a revised site plan reflecting an access agreement was *not* a condition, then when Leslie Salvage submitted a revised site plan showing alternate access the Planning Board was still entitled to submit the plan to the City Council for approval. If it *was* a condition, it was one Leslie Salvage imposed upon itself, not one that was imposed upon it by Defendants.

*Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between

the parties in order to overcome summary judgment.  *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042).  Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate.  *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

### I. Substantive Due Process

"To prevail on a substantive due process claim, plaintiff must first establish 'a protected property interest to which the Fourteenth Amendment's due process protection applies,'" *Bituminous Materials, Inc. v. Rice Cty., Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997) (quoting *Ellis v. City of Yankton*, 69 F.3d 915, 917 (8th Cir. 1995)), "and then demonstrate that the government action complained of is 'truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law,'" *Snaza v. City of Saint Paul, Minn.*, 548 F.3d 1178, 1183 (8th Cir. 2008) (quoting *Koscielski v. City of Minneapolis*, 435 F.3d 898, 902 (8th Cir. 2006)).

Leslie Salvage argues it has a protected property interest in the approval of the amendment to the special use permit as well as the revised site plan and that the City violated its rights when the revised site plan was forwarded to the City Council as an

9

amendment and when the City Council denied the amendment. Leslie Salvage also argues it has a fundamental right to exclude others from its property and that the City Council deprived it of this right by imposing a shared access agreement as a condition of the special use permit.

Leslie Salvage cannot establish a substantive due process claim because it has not demonstrated that it possessed a protected property interest in the approval of the amendment or revised site plan or that the City Council's denial was irrational. Leslie Salvage is also unable to demonstrate that the Defendants imposed the condition of a shared access agreement.

**A. Revised Site Plan and Amendment to Special Use Permit**

*1. Protected Property Interest*

"To have a constitutionally cognizable property interest in a right or a benefit, a person must have a legitimate claim of entitlement to it." *McGuire v. Indep. Sch. Dist. No. 833*, 863 F.3d 1030, 1034 (8th Cir. 2017) (quoting *Austell v. Sprenger*, 690 F.3d 929, 935 (8th Cir. 2012)) (internal quotations omitted). "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). "But 'federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause.'" *Id.* (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005)). "[A] state statute ... can create a constitutionally protected property interest, first, when it contains particularized substantive standards that guide a decision maker and, second, when it limits the decision maker's discretion

10

by using mandatory language (both requirements are necessary)." *Id.* (quoting *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999)).

"A permit applicant may have a legitimate claim to entitlement if the government's discretion is constrained by a regulation or ordinance requiring issuance of a permit when prescribed terms and conditions have been met." *Snaza*, 548 F.3d at 1183 (citation omitted). "An entitlement can be established by substantive standards or criteria that guide an official's discretion." *Entergy, Arkansas, Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001) (citing *Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000) (city ordinance contained no indication that upon satisfaction of the specified requirements the city could still use its discretion to deny a license)).

Leslie Salvage has not demonstrated a protected property interest in the amendment to the special use permit or that any property interest in the original special use permit included the revised site plan.

*a. Property interest in amendment to special use permit*

Omaha Municipal Code § 55-884(a) states: "The special use permit procedure provides for extensive public review and discretionary city council approval . . . ." Omaha Municipal Code § 55-885(b) states that "special permits shall be reviewed in accordance with the relevant criteria and standards set forth in table 55-885." The City Council is also required to make specific findings that the special use permit application complies with these criteria "before approval." Omaha Municipal Code § 55-884(i).

Courts have found that even where a municipal code sets out criteria for granting special use permit, if the ultimate approval is discretionary, there is not a protected property interest. *See Triomphe v. City of Northwood,* 49 F.3d 198, 203 (6th Cir.) *cert.*

*denied* 516 U.S. 816 (1995). In *Triomphe*, the court found the plaintiff had no protected property interest where the city code stated that a "special use permit *may* be granted in any of the established zoning districts." *Id.* (emphasis in original). The Court reasoned that despite the municipal code setting out criteria which "shall be used by the Planning Commission and Council in considering a special use application" the ultimate decision was still discretionary. *Id.*

As in *Triomphe*, the Omaha Municipal Code sets forth criteria that must be considered by the City Council, and if it decides to approve a special use permit it must make specific findings. And as in *Triomphe*, the ultimate decision is left to "discretionary city council approval." *See* §55-884(a). Accordingly, because approval is discretionary, Leslie Salvage does not have a protected property interest in the amendment to the special use permit.

*b. Property interest in the revised site plan.*

Leslie Salvage argues that submission of the revised site plan was nothing more than compliance with conditions of approval of the original special use permit and the City Council's approval should not have been required. Although the special use permit approved by the City Council required Leslie Salvage to comply with a revised site plan that included a perimeter fence and a handicap parking space, Leslie Salvage submitted a revised plan that included altered means of access to the property. The revisions required by the City Council did not include altered means of access to the property.[6]

---

[6] The condition that Leslie Salvage comply with a revised site plan was contained in the Planning Department's Recommendation Report that specifically discussed a revised site plan showing perimeter fencing. ECF No. 14-1, Page ID 161-162. The report was based on the initial site plan and dated August 31, 2016, Leslie Aff., ECF No. 14-1, Page ID 144-45. It was not until shortly before the October 17, 2016,

Leslie Salvage chose to amend the initial site plan beyond what was required. Therefore, approval[7] of the revised plan was discretionary, and Leslie Salvage has not shown that any property right it had in the original special use permit attached to the revised site plan.

### 2. Actions of Defendants

Even if Leslie Salvage could demonstrate a protected property interest, "[a] plaintiff asserting a substantive due process claim must establish that the government action complained of is 'truly irrational,' that is, 'something more than . . . arbitrary, capricious, or in violation of state law.'" *Anderson v. Douglas Cty.,* 4 F.3d 574, 577 (8th Cir. 1993) (quoting *Chesterfield Development Corp. v. City of Chesterfield,* 963 F.2d 1102 (8th Cir. 1992)). "To illustrate this heightened standard for substantive due process claims in the zoning context, the *Chesterfield* court gave as an example of such irrationality a zoning ordinance applying only to persons whose names begin with a letter in the first half of the alphabet." *Id.* (citing *Chesterfield,* 963 F.2d at 1104). In *Lemke v. Cass County*, 846 F.2d 469, 470-72 (8th Cir.1987) (*en banc*) (Arnold J., concurring), Judge Arnold opined that even the denial of a rezoning application where plaintiff's theory of recovery was that an application was "denied mostly because the citizens [of Cass County] were offended by

---

Zoning Board public meeting that E&A Consulting learned the shared access agreement reflected in the initial site plan did not exist. *Id.* at 146. The initial special use permit approved by the City Council stated that it was granted pursuant to the application submitted by Leslie Salvage and it was subject to conditions that mirrored those suggested by the Planning Department including, "[c]ompliance with the revised site plan." ECF 14-1, Page ID 202, 209; *see also* Second City Council Meeting Tr., ECF No. 14-2, Page ID 216 ("it's approved per the conditions that were passed by planning board").

[7] Nothing in the Omaha Municipal Code required the planning director to approve the amendment to Leslie Salvage's original special use permit without submitting it to the City Council. Omaha Municipal Code § 55-884(m) states that the planning director "may approve minor modifications in a special use permit if he/she determines that the modification does not affect findings relating to the criteria described in section 55-884(i) and section 55-885." However, "[s]ubstantial changes or modifications in the special use permit must be approved by the city council . . . ." *Id.*

the transporting of Omaha, Douglas County, garbage into [a] Cass County landfill" was far from irrational. Courts generally determine whether government action is truly irrational as a matter of law. *See Bituminous Materials, Inc.*, 126 F.3d at 1070.

Leslie Salvage argues that Defendants' irrational actions were (1) the refusal to issue a fence permit and certificate of occupancy, (2) the decision to require approval from the City Council of the revised site plan, and (3) the City Council's denial of the amendment to the special use permit.

The City refused to issue the fence permit and certificate of occupancy because Leslie Salvage did not follow the approved site plan. Pl. Br., ECF No. 13, Page ID 113, Leslie Aff., ECF No. 14-1, Page ID 150. That decision was not irrational. It was based on Leslie Salvage having modified its site plan in a way not contemplated by the original special use permit.

When the revised site plan was submitted to the Planning Department it no longer reflected shared access to the Orchard Property and the Q Street Property. Leslie Aff., ECF No. 14-1, Page ID 144, 150; Meng-Frecker Plan, ECF No. 14-1, Page ID 199. Omaha Municipal Code § 55-884(m) provides that "[s]ubstantial changes or modifications in the special use permit must be approved by the city council based on a recommendation from the planning board." The decision to submit the plan to the City Council for approval was made after internal planning board discussions and following advice of the City's legal department. Thus, the decision to require the City Council's approval of the revised site plan was made after consideration; it was in accordance with Omaha Municipal Code § 55-884(m); and it was not irrational.

The City Council's decision to deny the amendment to the special use permit was also not irrational. At the public hearing, the City Council heard testimony from Dowd that an access agreement existed between the parties; that the revised site plan did not comply with this agreement; and that Dowd had concerns about placement of the fence. Second City Council Meeting Tr., ECF No. 14-2, Page ID 221-22. Regardless of whether an access agreement existed, the City Council's decision to deny the amendment to the special use permit based on Dowd's opposition was not irrational, especially in light of Thiellen's testimony at the prior hearing that Leslie Salvage had worked out the access issues with the south property owners.

Accordingly, the Court will grant summary judgment in favor of Defendants on Leslie Salvage's substantive due process claim.

**B. Forfeiture of Right to Exclude Others**

Leslie Salvage argues that Defendants required Leslie Salvage to give up the right to exclude others from its property to secure approval of the special use permit and amendment thereto. Leslie Salvage claims this action ran afoul of the doctrine of unconstitutional conditions and violated its due process rights. Defendants argue that it was Leslie Salvage who initially proposed, submitted, and accepted approval of the special use permit showing shared access with the adjacent property owner, thereby imposing the condition on itself.

The doctrine of unconstitutional conditions provides that "the government may not require a person to give up a constitutional right . . . in exchange for a discretionary benefit conferred by the government where the benefit has little or no relationship to the [right being forfeited]." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 547 (2005) (quoting *Dolan*

*v. City of Tigard*, 512 U.S. 374, 385 (1994)). A government condition for the approval of a land use permit that does not have a nexus to a legitimate government purpose and bear a rough relationship to the cost of the impact of the proposed land use is unconstitutional. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605-06 (2013) (district's denial of land use permits unless permit applicant funded offsite mitigation projects on public lands amounted to a taking without just compensation). The unconstitutional conditions doctrine applies even when the government threatens to withhold a gratuitous benefit. *Koontz,* 570 U.S. at 608 (citations omitted). "The principles . . . do not change depending on whether the government *approves* a permit on the condition that the applicant turn over property or *denies* a permit because the applicant refuses to do so." *Koontz*, 570 U.S. at 606 (emphasis in original).

Leslie Salvage has not demonstrated that the Defendants imposed a shared access agreement as a condition to its receipt of the special use permit or amendment thereto. When Leslie Salvage submitted its initial application for special use permit its site plan showed an access route that encroached on Dowd's property. When the Zoning Board became aware no shared access agreement existed it encouraged the parties to work together on a solution before the issue reached the City Council. Neither the Zoning Board nor the council members suggested a specific solution or a preference for an easement over alternative methods of access. Leslie Salvage then allowed Thiellen to testify that the access issues had been resolved and, without further explanation, allowed approval of the initial application that incorporated the initial site plan depicting a shared access agreement. Contrary to Leslie Salvage's argument that the Defendants imposed

16

the condition of shared access, the evidence shows Leslie Salvage imposed upon itself a special use permit incorporating a site plan showing shared access to its property.

Leslie Salvage has cited no precedent finding a violation of constitutional rights when government officials refuse to release a permit applicant from a condition it has imposed upon itself. Thus, Defendants did not infringe on Leslie Salvage's right to exclude others from its property, and did not violate its rights of substantive due process.

## II. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." "The Equal Protection Clause does not forbid classifications[,] [i]t simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (citing *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 (1920)). "The Supreme Court recognizes an equal protection claim for discrimination against a 'class of one.'" *Barstad v. Murray Cty.*, 420 F.3d 880, 884 (8th Cir. 2005) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). A class-of-one claimant may prevail by showing he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Id.* Thus, to prevail, Leslie Salvage must show that it was similarly situated to other applicants for special use permits, particularly with respect to the same general time, and was treated less favorably. *Id.* (citing *Anderson,* 4 F.3d at 577).

Leslie Salvage alleges that five entities submitted applications within the last five years to the Planning Department for special use permits to operate scrap and salvage services in areas zoned general industrial. Pl. Br., ECF No. 13, Page ID 127. Leslie

Salvage alleges that each entity was required to comply with additional conditions for approval of its application and many of the additional conditions placed on the other entities included submission of and compliance with a revised site plan. *Id.* Leslie Salvage argues that, unlike the other entities, it was unfairly required to seek additional approval of its revised site plan through the amendment of its special use permit. *Id.* Leslie Salvage also argues the City Council treated it differently because it denied the amendment despite evidence that Leslie Salvage complied with all conditions of the initial site permit. *Id.* at 129. Yet Leslie Salvage has not alleged that the site plans submitted by any of the five entities contained modifications beyond what was required or permitted by the City Council or Planning Department in the initial approval of the special use permits or that they faced similar opposition by neighboring landowners.

Thus, Leslie Salvage has not demonstrated that any of these entities was similarly situated to it in *all relevant* respects, and the Court will grant summary judgment in favor of Defendants on Leslie Salvage's equal protection claim.

### III. Motion to Amend

In Leslie Salvage's Opposition to Summary Judgment in Favor of Defendants and Motion for Leave to File Second Amended Complaint, ECF No. 26, it requests leave to amend its complaint to assert a violation of its rights under the Takings Clause Claim of the Fifth Amendment and Article I, § 21 of the Nebraska Constitution.

Leslie Salvage did not attach a copy of the proposed amended pleading as required by NebCivR 15.1. Instead, it stated "[t]he claims asserted would be essentially the same as stated in this brief, that Leslie Salvage was deprived due process as a result of the City Council's violation of the Takings Clause of the Fifth Amendment . . . and

Article I, § 21 of the State Constitution of Nebraska." Pl. Br. ECF No. 26, Page ID 346. Leslie Salvage also states that the "City Council's violation encompasses the permanent taking of Leslie Salvage's property for a non-public purpose as a condition for passing the Special Use Permit and subsequent denial of a revised site plan. The City Council's violation deprives Leslie Salvage of a fundamental right without due process." Pl. Br. ECF No. 26, Page ID 346. Leslie Salvage notes that under *Kountz* it is inconsequential whether it agreed to the City's condition. 570 U.S. at 606.

The requested amendment would be futile for the same reasons Leslie Salvage's unconstitutional-conditions claim fails. Leslie Salvage was responsible for the incorporation of a shared access agreement into the special use permit, not the Defendants. It was the actions of Leslie Salvage in submitting an initial site plan showing shared access, allowing Thiellen to testify that access had been worked out, and failing to object to the approval of a special use permit incorporating the original application and site plan showing shared access, that led to a shared access agreement being incorporated into the original special use permit. These same actions formed the basis for the opposition to the amendment by the adjacent property owner and denial of the amendment, regardless of whether such an agreement existed. Thus, Leslie Salvage is responsible for any alleged deprivation of its constitutional rights, not the Defendants, and Leslie Salvage's request to modify its Amended Complaint is denied as futile.

**IV. State Claims**

Leslie Salvage's Amended Complaint presents a Petition in Error pursuant to the Neb. Rev. Stat. § 14-813 and seeks a permanent injunction. The Court's jurisdiction to pass on Leslie Salvage's state-law claims is derived from supplemental jurisdiction. The

Court has dismissed Leslie Salvage's federal-question claims and declines to exercise supplemental jurisdiction over Leslie Salvage's state-law claims. Accordingly, they will be remanded to the District Court of Douglas County, Nebraska. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons stated above, the Court will grant summary judgment in favor of the Defendants on Leslie Salvage's § 1983 claims. Leslie Salvage's Motion for Leave to File Second Amended Complaint, ECF No. 26, will be denied as futile. Its state-law claims will be remanded to the District Court of Douglas County, Nebraska. Accordingly,

IT IS ORDERED:

1. Plaintiff Leslie Salvage Inc.'s claim for violation of substantive due process under 42 U.S.C. § 1983 (Cause of Action II) is dismissed, with prejudice;

2. Plaintiff Leslie Salvage, Inc's claim for violation of equal protection under 42 U.S.C. § 1983 (Cause of Action III) is dismissed, with prejudice;

3. Plaintiff Leslie Salvage, Inc.'s Motion for Leave to File Second Amended Complaint, ECF No. 26, is denied as futile;

4. Plaintiff Leslie Salvage, Inc's state-law actions, presenting a petition in error and seeking a permanent injunction (Causes of Action I and IV) are remanded to the District Court of Douglas County, Nebraska; and

5. The Clerk of Court is directed to terminate this case for statistical purposes.

Dated this 11th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge